IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANDREI GLUCK,

     Plaintiff,

v.

                              Case No. 3:19-cv-02518-M-BT

UNITED STATES OF AMERICA,

     Defendant.

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is *pro se* Plaintiff Andrei Gluck's Motion for Return of Seized Property (ECF No. 4). For the reasons stated, the Motion should be DENIED, and Gluck should be granted leave to amend to assert a *Bivens* claim.

### Background

Gluck alleges that on July 22, 2012, he found his girlfriend's body in his detached garage and immediately called 911. Mot. 1. Dallas police officers responded to the call and discovered Gluck's girlfriend had committed suicide. Gov't App. 003 (ECF No. 15). Gluck invited the responding officers inside his house. *Id.* Once inside, officers observed marijuana and drug paraphernalia in plain view. *Id.* Later, during a search conducted pursuant to a warrant, officers discovered over six pounds of marijuana and four firearms in Gluck's house. *Id.* The officers arrested Gluck and seized a DVR containing video surveillance footage of Gluck's property during the course of their response to the call. The DVR was

provided to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in connection with federal criminal charges the government brought against Gluck.

Gluck subsequently pleaded guilty in federal court to two drug counts and two firearm counts arising out of the matters discovered by officers responding to the suicide call as well as a separate incident at a Dallas hotel. *Id*. 3-4. On April 15, 2014, the Court sentenced Gluck to 210 months' total incarceration. More than five years later, on October 15, 2019, Gluck filed a motion in his closed criminal case under Federal Rule of Criminal Procedure 41(g) for the return of the DVR. *See* Order (ECF No. 2); Mot. 1. The Court construed the motion as initiating a new civil action for the return of property and directed the Clerk to open this civil case. The government filed a response asking the Court to deny Gluck's request to return the seized property because the government destroyed the DVR several years ago, after the conclusion of Gluck's criminal case. Resp. 1 (ECF No. 14). Gluck filed a reply arguing that he was not served with proper notice under the Civil Asset Forfeiture Reform Act before the DVR was destroyed and that by destroying it, the government violated the Federal Rules of Evidence and Civil Procedure. Reply 2-3 (ECF No. 18). Gluck also asks the Court to order his attorney to turn over to his family copies of his case file and any video footage from his home surveillance system that she possesses.

## Legal Standards and Analysis

"Rule 41(g) of the Federal Rules of Criminal Procedure permits '[a] person aggrieved . . . by the deprivation of property [to] move for the property's return.'"

*Jacobo-Flores v. United States*, 2008 WL 4415146, at *2 (S.D. Tex. Sept. 24, 2008) (quoting Fed. R. Crim. P. 41(g)) (alterations in original). Such a motion "brought after the criminal proceeding is over is treated as a civil equitable action for return of property" and invokes "the Court's general equity jurisdiction under 28 U.S.C. § 1331." *Id.* (citing *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007)). The burden is on the government to show it has a legitimate reason not to return the property to the person from whom it was seized. *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014) (per curiam). The district court's denial of a Rule 41(g) motion filed after the criminal proceedings have concluded is treated as a summary judgment in favor of the government. *Id.*

"[A]ppropriate circumstances exist for a Rule 41(g) motion only if the United States possesses the property." *Hill v. United States*, 296 F.R.D. 411, 414 (E.D. Va. 2013) (citing *United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003); *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997)); *see also Bailey*, 508 F.3d at 740 ("If the district court finds that the government no longer possesses the [item sought, the] motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)." (citing *Peña v. United States*, 157 F.3d 984, 986 (5th Cir. 1998))). As shown by the evidence submitted by the government in response to Gluck's motion, the ATF received a DVR in connection with Gluck's criminal case, and the ATF destroyed that DVR on March 3, 2015. Gov't App. 009. Gluck has produced no evidence to raise a fact question that the

government still has the DVR. Therefore, Gluck's "motion must be denied because the government cannot return property it does not possess." *Bailey*, 508 F.3d at 740; *see also Peña*, 157 F.3d at 987 (finding that Rule 41 motion for return of property that had been destroyed was properly denied).

Gluck does not seek relief in this case other than the return of the DVR. Indeed, monetary damages are not available under Rule 41(g). Thus, it would have been futile for Gluck to have asserted a claim for monetary damages in his original motion. But now that the government has admitted it destroyed the DVR, Gluck may want to seek monetary damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Jaramillo-Gonzalez, Jaramillo–Gonzalez v. United States*, 397 F. App'x 978, 981 (5th Cir. 2010) (stating a party is not on notice of his potential *Bivens* claim until the government confirms the items sought to be returned have been destroyed). "[A] court should grant a *pro se* party every reasonable opportunity to amend." *Peña*, 157 F.3d at 987 n.3 (citations omitted). And "[w]here facts necessary for a *Bivens* claim exist, a plaintiff should be given an opportunity to amend his complaint." *Gomez v. United States*, 2015 WL 3421045, at *6 (N.D. Tex. May 27, 2015) (citing *Peña*, 157 F.3d at 987 n.3). Here, the facts before the Court could give rise to a *Bivens* claim: the government has admitted that it destroyed the DVR seized from Gluck's residence. And while the DVR was destroyed in 2015, Gluck may not have been on notice of this potential claim until the government confirmed that the DVR had been destroyed. Moreover, the government has not asserted that Gluck would not be entitled to the DVR's return

had it not been destroyed. *See Bays v. United States*, 2016 WL 2983675, at *4 (N.D. Tex. May 24, 2016). Therefore, Gluck should be afforded leave to file an amended complaint to assert a *Bivens* claim arising from the government's destruction of his property.

Finally, Gluck's request for an order that his attorney turn over to his family Gluck's case file and video footage is DENIED without prejudice. Gluck may make such a request in his closed criminal case.

## Recommendation

For the foregoing reasons, Plaintiff's Motion (ECF No. 4) should be DENIED, but Gluck should be afforded an opportunity to amend his complaint to include a *Bivens* claim. If Gluck does not file an amended complaint with 30 days of the date of any Order Accepting these Findings, Conclusions, and Recommendation, the Court should DISMISS this case with prejudice.

**SIGNED** June 24, 2020.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).