IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREI GLUCK,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 3:19-cv-02518-M-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Andrei Gluck filed a Motion for Return of Seized Property (ECF No. 4) in October 2019. The Court denied his Motion on July 20, 2020 but granted him 30 days in which to file an amended complaint bringing a *Bivens* claim. Order (ECF No. 21). Because Gluck did not file an amended complaint within the allotted time frame, this case should be DISMISSED under Federal Rule of Civil Procedure 41(b).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Dorsey v. Scott Wetzel Serv.*, 84 F.3d 170, 171 (5th Cir. 1996). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R.*

*Co.*, 370 U.S. 626 (1962)). Dismissal under Rule 41(b) is warranted when a plaintiff fails to file an amended complaint within the time frame allowed by the court. *See, e.g., Adams v. Wells Fargo Bank, N.A.*, 2013 WL 3963961, at *2 (N.D. Tex. Aug. 1, 2013); *Toney v. City of Dallas*, 2008 WL 3523893, at *2 (N.D. Tex. Aug. 12, 2008). *See also Salley v. Beard*, 245 F. App'x 202, 205 (3d Cir. 2007) (affirming dismissal of *pro se* prisoner civil rights action where plaintiff failed to amend complaint by court-ordered deadline).

As of the date of these Findings, Conclusions, and Recommendation, Gluck has not filed an amended complaint. The time frame in which he was allowed to do so has lapsed. Gluck's failure to file an amended complaint within the prescribed time period constitutes noncompliance with court orders and demonstrates a lack of interest in further litigating his claims. Under such circumstances, Gluck's case should be DISMISSED without prejudice under Rule 41(b).

**SIGNED** August 25, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).